1  **MICHELLE BETANCOURT**
   California State Bar No. 215035
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Telephone: (619) 234-8467
4  michelle_betancourt@fd.org

5  Attorneys for Mr. Acosta-Montes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| UNITED STATES OF AMERICA, | ) | Case No.: 08CR2350-L |
|---|---|---|
| Plaintiff, | ) | Date: August 18, 2008 |
|  | ) | Time: 2:00 p.m. |
| v. | ) |  |
|  | ) | **NOTICE OF MOTIONS AND** |
| AUDENAGO ACOSTA-MONTES, | ) | **MOTIONS TO:** |
|  | ) |  |
| Defendant. | ) | **(1) SUPPRESS STATEMENTS;** |
|  | ) | **(2) COMPEL DISCOVERY; AND** |
|  | ) | **(3) GRANT LEAVE TO FILE FURTHER MOTIONS** |

TO:  KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
     REBECCA KANTER, ASSISTANT UNITED STATES ATTORNEY:

**PLEASE TAKE NOTICE** that, on August 18, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the accused, Audenago Acosta-Montes, Jr., by and through his attorneys, Michelle Betancourt and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the motions outlined below.

//

//

//

**MOTIONS**

Defendant, Mr. Acosta-Montes, by and through his attorneys, Michelle Betancourt and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

(1) Suppress Statements;
(2) Compel Discovery; and
(3) Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at or before the time of the hearing on these motions.

Respectfully submitted,

DATED: July 28, 2008

*/s/ Michelle Betancourt*
**MICHELLE BETANCOURT**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Acosta-Montes
E-mail: michelle_betancourt@fd.org

1  **MICHELLE BETANCOURT**
   California State Bar No. 215035
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Telephone: (619) 234-8467
4  michelle_betancourt@fd.org

5  Attorneys for Mr. Acosta-Montes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                     )<br>            Plaintiff,               )<br>                                     )<br>v.                                   )<br>                                     )<br>AUDENAGO ACOSTA-MONTES,              )<br>                                     )<br>            Defendant.               )<br> | Case No.: 08CR2350-L<br><br>Date:  August 18, 2008<br>Time:  2:00 p.m.<br><br>**STATEMENT OF FACTS AND POINTS AND**<br>**AUTHORITIES IN SUPPORT OF MOTIONS** |

**I.**

**STATEMENT OF FACTS**

On May 7, 2008, at about 4:13 a.m., Mr. Acosta-Montes arrived at the San Ysidro Port of Entry driving a Ford Pick Up Truck. After a cursory inspection, the primary inspector referred Mr. Acosta-Montes to the secondary inspection area for a more thorough search.

At about 4:30 a.m., the secondary inspection officer conducted a more thorough inspection of the truck. Upon further inspection, the officer found one package hidden inside the truck. The package tested positive for methamphetamine and weighed approximately .75 kilos.

The following day, at about 6:15 a.m., a second package was allegedly discovered. This package tested positive for methamphetamine and weighed approximately 1.8 kilos. Nine hours later, another agent allegedly found a third package which tested positive for methamphetamine and weighed approximately .75 kilograms.

On July 16, 2008, the June 2008 Grand Jury panel issued an indictment charging Mr. Acosta-Montes with violating 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, and 21 U.S.C. §841(a)(1), possession with intent to distribute. Mr. Acosta-Montes has pled not guilty to these charges.

As of today, Mr. Acosta-Montes has received **112** pages of discovery. These motions follow.

## II.
## MOTION TO SUPPRESS STATEMENTS

Mr. Acosta-Montes moves to suppress any statements made at the time of his arrest on the grounds that his Miranda waiver was not knowing, intelligent, and voluntary. Moreover, Mr. Acosta-Montes moves to suppress any other statements made on the grounds that those statements were not made voluntarily.

**A.    The Government must demonstrate compliance with *Miranda*.**

In order for any statements made by Mr. Acosta-Montes to be admissible against him, the government must demonstrate that they were obtained in compliance with the Miranda decision.

**1.    Mr. Acosta-Montes' Waiver Must Be Voluntary, Knowing, and Intelligent.**

Based on the discovery provided thus far, the question remains whether Mr. Acosta-Montes waiver was voluntary, knowing, and intelligent. See Schneckloth v. Bustamonte, 412 U.S. 218 (1973). When interrogation continues without the presence of an attorney, and a statement results, the government has a heavy burden to demonstrate that the defendant has intelligently and voluntarily waived his privilege against self-incrimination. Miranda, 384 U.S. at 475. The court must indulge every reasonable presumption against waiver of fundamental constitutional rights, so the burden on the government is great. United States v. Heldt, 745 F. 2d 1275, 1277 (9th Cir. 1984).

In determining whether a waiver is voluntary, knowing, and intelligent, the court looks to the totality of the circumstances surrounding the case. Edwards v. Arizona, 451 U.S. 477 (1981); United States v. Garibay, 143 F.3d 534 (9th Cir. 1998). The Ninth Circuit has held that determination of the validity of a Miranda waiver requires a two prong analysis: the waiver must be both (1) voluntary and (2) knowing and intelligent. Derrick v. Peterson, 924 F. 2d 813 (9th Cir. 1990). The second prong requires an inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 820-821 (quoting Colorado v. Spring, 479 U.S. 564, 573 (1987)). Not only must the waiver be uncoerced, then, it must also involve a "requisite level of

1  comprehension" before a court may conclude that Miranda rights have been legitimately waived. Id.
2  (quoting Colorado v. Spring, 479 U.S. at 573).

3  Unless and until Miranda warnings and a knowing and intelligent waiver are demonstrated by the
4  prosecution, no evidence obtained as a result of the interrogation can be used against the defendant.
5  Miranda, 384 U.S. at 479. The government in this case must prove that Mr. Acosta-Montes waived his
6  rights intelligently and voluntarily. Mr. Acosta-Montes disputes any allegation that his waiver was knowing,
7  intelligent, and voluntarily.

**2. Mr. Acosta-Montes' Statements Must be Voluntary.**

9  Even if Mr. Acosta-Montes's statements were made after a voluntary, knowing, and intelligent
10 waiver, they must have been made voluntarily, or they must be suppressed. The Supreme Court has held
11 that even where the procedural safeguards of Miranda are satisfied, a defendant in a criminal case is deprived
12 of due process of law if his conviction is founded on involuntary statements. Arizona v. Fulminante, 499
13 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964); see also United States v. Davidson, 768 F.2d
14 1266, 1269 (11th Cir. 1985)("an accused is deprived of due process if his conviction rests wholly or partially
15 upon an involuntary confession, even if the statement is true, and even if there is ample independent
16 evidence of guilt."). The government has the burden of proving that statements are voluntary by a
17 preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 483 (1972). An accused's confession must
18 result from an "independent and informed choice of his own free will, possessing the capability to do so,
19 his will not being overborne by the pressures and circumstances swirling around him." Martin v.
20 Wainwright, 770 F. 2d 918, 924 (11th Cir. 1985), modified, 781 F. 2d 185 (11th Cir.) (quotations omitted).

21 To be considered voluntary, a statement must be the product of a rational intellect and a free will.
22 Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne
23 in a particular case, the court must consider the totality of the circumstances. Schneckloth v. Bustamonte,
24 412 U.S. 218, 226 (1973).[1] A confession is deemed involuntary not only if coerced by physical intimidation,

---

[1] Among the factors which are considered are the youth of the accused, his lack of education, his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of the detention, the repeated and prolonged nature of questioning, and the use of physical punishment such as deprivation of food or sleep.

1  but also if achieved through psychological pressure. "The test is whether the confession was 'extracted by
2  any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the
3  exertion of any improper influence.'" Hutto v. Ross, 429 U.S. 28, 30 (1976) (quoting Bram v. United States,
4  168 U.S. 532, 542-43 (1897)); accord, United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981). Here,
5  Mr. Acosta-Montes's statements were involuntary. An evidentiary hearing in this case will reveal this case
6  is indistinguishable from United States v. Tingle, 658 F.2d 1332 (9th Cir. 1981). Accordingly, suppression
7  of Mr. Acosta-Montes's statements is required.

**B.      This Court Must Conduct an Evidentiary Hearing.**

9       Under 18 U.S.C. § 3501(a), this Court is required to determine, outside the presence of the jury,
10  whether any statements made by Mr. Acosta-Montes are voluntary. In addition, section 3501(b) requires
11  this Court to consider various enumerated factors, including whether Mr. Acosta-Montes understood the
12  nature of the charges against his and whether he understood his rights. Without evidence, this Court cannot
13  adequately consider these statutorily mandated factors.

14      Moreover, section 3501(a) requires this Court to make a factual determination. Where a factual
15  determination is required, courts are obligated to make factual findings by Fed. R. Crim. P. 12. See United
16  States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990). Because "`suppression hearings are often as
17  important as the trial itself,'" Id. at 610 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings
18  should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a
19  prosecutor's responsive pleading.

## III.

## MOTION TO COMPEL DISCOVERY

22      Mr. Acosta-Montes moves for the production of the following discovery. This request is not limited
23  to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the
24  custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See
25  United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

26      (1) The Defendant's Statements. The Government must disclose to the defendant all copies of any
27  written or recorded statements made by the defendant; the substance of any statements made by the

1 defendant which the Government intends to offer in evidence at trial; any response by the defendant to
2 interrogation; the substance of any oral statements which the Government intends to introduce at trial and
3 any written summaries of the defendant's oral statements contained in the handwritten notes of the
4 Government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; as
5 well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee
6 Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's
7 statements, whether oral or written, regardless of whether the government intends to make any use of those
8 statements.

9    (2) <u>Arrest Reports, Notes and Dispatch Tapes</u>.  The defendant also specifically requests the
10 Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate
11 to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to,
12 any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any
13 other discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A)
14 and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  The Government must produce arrest reports, investigator's
15 notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining
16 to the defendant.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(I).

17    (3) <u>Brady Material</u>.  The defendant requests all documents, statements, agents' reports, and tangible
18 evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the
19 Government's case.  Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition
20 of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>,
21 427 U.S. 97 (1976).

22    (4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  The Government
23 must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This request includes any
24 cooperation or attempted cooperation by the defendant as well as any information that could affect any base
25 offense level or specific offense characteristic under Chapter Two of the Guidelines.  The defendant also
26 requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal
27 history, and information relevant to any other application of the Guidelines.
28

1    (5) <u>The Defendant's Prior Record</u>. The defendant requests disclosure of his prior record. Fed. R.
2 Crim. P. 16(a)(1)(B).

3    (6) <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts
4 under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Rule 404(b), "upon
5 request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the
6 general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.
7 The defendant requests that such notice be given three (3) weeks before trial in order to give the defense time
8 to adequately investigate and prepare for trial.

9    (7) <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of any search,
10 either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(c).

11    (8) <u>Tangible Objects</u>. The defendant requests the opportunity to inspect and copy as well as test, if
12 necessary, all other documents and tangible objects, including photographs, books, papers, documents,
13 fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended
14 for use in the Government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim.
15 P. 16(a)(2)(c).

16    (9) <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any prospective
17 Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his
18 or his testimony.

19    (10) <u>Impeachment Evidence</u>. The defendant requests any evidence that any prospective Government
20 witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness
21 has made a statement favorable to the defendant. <u>See</u> Fed R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>,
22 <u>supra</u>.

23    (11) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant requests any
24 evidence that any prospective witness is under investigation by federal, state or local authorities for any
25 criminal conduct.

26    (12) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The
27 defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show
28

1  that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and
2  any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an
3  alcoholic.

4  (13) <u>Witness Addresses</u>.  The defendant requests the name and last known address of each
5  prospective Government witness.  The defendant also requests the name and last known address of every
6  witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will
7  <u>not</u> be called as a Government witness.

8  (14) <u>Name of Witnesses Favorable to the Defendant</u>.  The defendant requests the name of any
9  witness who made an arguably favorable statement concerning the defendant or who could not identify him
10 who was unsure of his identity, or participation in the crime charged.

11 (15) <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement
12 relevant to any possible defense or contention that he might assert.

13 (16) <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material,
14 including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500.
15 Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks
16 material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'
17 interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v.</u>
18 <u>United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the
19 Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes
20 are then subject to the Jencks Act.

21 (17) <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant
22 requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange
23 for their testimony in this case, and all other information which could arguably be used for the impeachment
24 of any Government witnesses.

25 (18) <u>Agreements Between the Government and Witnesses</u>.  The defendant requests discovery
26 regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future
27 compensation, or any other kind of agreement or understanding, including any implicit understanding
28

relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

(19) <u>Informants and Cooperating Witnesses</u>. The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Acosta-Montes. The Government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

(20) <u>Bias by Informants or Cooperating Witnesses</u>. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(21) <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. Acosta-Montes requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Maldonado-Perez requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the Government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Acosta-Montes prior to trial. Mr. Acosta-Montes specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under

1  Henthorn, should be the prosecutor's. Only the prosecutor has the legal knowledge and ethical obligations
2  to fully comply with this request.

3  (22) <u>Expert Summaries</u>. Defendant requests written summaries and results of any experiments of
4  all expert testimony that the government intends to present under Federal Rules of Evidence 702, 703 or 705
5  during its case in chief, written summaries of the bases for each expert's opinion, and written summaries
6  of the experts' qualifications. Fed. R. Crim. P. 16(a)(1)(E). This request includes, but is not limited to,
7  fingerprint expert testimony.

8  (23) <u>Residual Request</u>. Mr. Acosta-Montes intends by this discovery motion to invoke his rights
9  to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the
10 Constitution and laws of the United States. This request specifically includes all subsections of Rule 16.
11 Mr. Acosta-Montes requests that the Government provide him and his attorney with the above requested
12 material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

### IV.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

15 Defense counsel requests leave to file further motions and notices of defense based upon information
16 gained in the discovery process. To date, counsel has received **112 pages** of discovery from the government
17 in this matter.

### V.

### CONCLUSION

20 For these and all the foregoing reasons, the defendant, Mr. Acosta-Montes, respectfully requests that
21 this court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

24 DATED: July 28, 2008   */s/ Michelle Betancourt*
**MICHELLE BETANCOURT**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Acosta-Montes
E-mail: michelle_betancourt@fd.org

```
 1  MICHELLE BETANCOURT
    California State Bar No. 215035
 2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
    225 Broadway, Suite 900
 3  San Diego, California 92101-5008
    Telephone: (619) 234-8467 Ext. 3737
 4  Facsimile:  (619) 687-2666
    michelle_betancourt@fd.org
 5
 6  Attorneys for Defendant
 7
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR2350-L |
| Plaintiff, |  |
| v. | PROOF OF SERVICE |
| **AUDENAGO ACOSTA-MONTES**, |  |
| Defendant. |  |

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served via CM/ECF this day upon:

Rebecca Kanter
U S Attorney CR
Rebecca.Kanter@usdoj.gov; Efile.dkt.gc2@usdoj.gov

Dated: July 28, 2008

*s/ Michelle Betancourt*
MICHELLE BETANCOURT
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
e-mail: michelle_betancourt@fd.org